Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 605 | **DATE** | 7/30/2004 |
| **CASE TITLE** | CYNTHIA GAYTON vs. VILLAGE OF LANSING | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss is granted in part and denied in part. Status hearing is set for 9/8/04 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA GAYTON, individually and )
as Administratrix of the Estate of )
Delfino Gayton, deceased. )
)
        Plaintiff, )
)
vs. ) No. 04 C 605
)
VILLAGE OF LANSING, a municipal )
corporation, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Cynthia Gayton brought this action as the administratrix of her husband's estate, alleging negligence, willful failure to provide medical care, and civil rights violations. Defendants filed a motion to dismiss all claims, arguing that they were barred by the statute of limitations. For the following reasons, defendants' motion is granted in part and denied in part.

## BACKGROUND

On December 22, 2001, plaintiff's husband, Delfino Gayton, was allegedly arrested by Lansing police officers and taken to a holding cell, where he committed suicide. Plaintiff brought suit seeking to recover damages arising from his injuries and subsequent death.

Plaintiff initially brought suit on behalf of the estate in the Northern District of Indiana, alleging that defendants violated Delfino's civil rights by failing to protect him from a known suicide risk. That case was dismissed for lack of personal jurisdiction, and plaintiff filed a second complaint in the Circuit Court of Cook County, which was removed here. In the second complaint, plaintiff brought three claims: one for negligence and another for willful

and wanton misconduct in the provision of medical treatment, and the third for violations of Delfino's civil rights pursuant to 42 U.S.C. § 1983, relating to the suicide. In her second complaint, plaintiff brought suit as an individual, as well as administratrix, and also named defendants different from those named in the first complaint.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Under Illinois law, any lawsuit filed against a municipality or its employees must be filed within one year of the events giving rise to the cause of action. 745 ILCS 10/8-101(a). Because Delfino's death occurred on December 22, 2001, any tort claims must have been filed by December 22, 2002. The Illinois one-refiling rule tolls the statute of limitations for an additional year following involuntary dismissal for lack of jurisdiction. 735 ILCS 5/13-217. When the complaint was dismissed on June 2, 2003, plaintiff was given an additional year to file her claims. The one-year statute of limitations for the tort claims does not apply to claims brought under section 1983. Instead, those claims are subject to the two-year statute of limitations applied to Illinois personal injury claims. Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004).

Claims filed pursuant to the one-refiling rule, however, must be identical to those in the original complaint. Hamilton v. Chrysler Corp., 666 N.E.2d 758, 761 (Ill. App. 1 Dist. 1996). In Hamilton, the plaintiff originally brought claims under the Motor Vehicle Franchise Act, alleging that defendant's actions damaged him as a shareholder. *Id.* Following dismissal, plaintiff filed a second complaint as an individual. *Id.* At 762. In reversing a verdict in favor of the plaintiff, the appellate court held that even though the complaints arose from the same event, they were not identical actions. *Id.* A claim brought as a shareholder is simply not the same cause of action as a claim brought as an individual. *Id.*

The Illinois Supreme Court, in Gonzalez v. Thorek Hosp. & Med. Ctr., 570 N.E.2d 309, 314 (Ill. 1991), allowed a more liberal reading of the second complaint. In that case the plaintiff's initial complaint failed to state any claims against the defendants and was dismissed by the trial court. *Id.* At 310. Plaintiff refiled a complaint, alleging medical malpractice by defendants, but the trial court dismissed that claim, finding that it was not a proper filing under the one-refiling rule, and that holding was affirmed by the appellate court. *Id.* In reversing the appellate court ruling, the Supreme Court found that the second complaint was sufficiently identical to the first complaint so as to survive dismissal. *Id.* At 313. Because the first complaint set out the basic facts of the case, it was apparent to the defendants that the second filing was the same cause of action. *Id.*

Plaintiff's initial complaint was based solely on the defendants' alleged failure to protect Delfino from a suicide risk while the present lawsuit also asserts claims based on alleged medical malpractice by the defendants. Count I is a state law negligence claim based on the alleged malpractice. Because such a claim is a state law tort claim and therefore subject to the one-year statute of limitations, plaintiff's claims against those defendants not named in

the original action must fail. The statute of limitations also bars plaintiff's claims against those defendants who were part of that original action. Even under the more liberal reading of the one-refiling rule set forth in <u>Gonzalez</u>, plaintiff's claims are based on different allegations – the malpractice rather than the failure to protect Delfino.

While the plaintiff does not actually mention section 1983 in count II, we read that claim to allege that Delfino's rights were violated when the defendants failed to provide appropriate medical care. While ordinary medical malpractice does not amount to a constitutional violation, a plaintiff may prevail on a claim by proving deliberate indifference to the serious medical needs of prisoners. <u>Forbes v. Edgar</u>, 112 F.3d 262, 266 (7th Cir. 1997); *see also* <u>Ramirez v. City of Chicago</u>, 82 F. Supp. 2d 836, 840 (N.D. Ill. 1999). Because the claim was filed on December 17, 2003, within two years of the alleged wrongdoing, the statute of limitations does not bar the claim. For the same reason, plaintiff sufficiently states a section 1983 claim in count III based on the defendants' alleged failure to prevent the suicide. Plaintiff's claims as an individual fail, however, because there are no allegations that the defendants infringed *her* civil rights in any way.

## CONCLUSION

For the forgoing reasons, defendants' motion to dismiss is granted in part and denied in part.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 30, 2004.