

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA GAYTON, individually and )
as Administrator of the Estate of Delfino )
Gayton, deceased, )
                                         )
          Plaintiff,                     )
                                         )
   vs.                                   )   No. 04 C 605
                                         )
VILLAGE OF LANSING, ILLINOIS, a          )
municipal corporation, et al.,           )
                                         )
          Defendants.                    )

## MEMORANDUM OPINION AND ORDER

Delfino Gayton hanged himself in a jail cell in Lansing on December 22, 2001. Plaintiff claims defendants acted with deliberate indifference to the decedent's medical needs by failing to provide electric shocks after Gayton was found not to be breathing and without a pulse. She also claims that defendants Officer Hill and Lt. Sylvester failed to properly monitor the decedent as a known suicide risk. Defendants move for summary judgment. We deny the motion, except that we do grant summary judgment for Lt. Sylvester on the second claim. And we deny defendants' motion to strike.

Some matters appear not to be in dispute. The paramedics were immediately summoned, arrived shortly thereafter and immediately initiated emergency procedures such as CPR. They did not apply electric shocks. Electric shocks should be administered if the cardiac rhythm is that of ventricular fibrillation or "V-Fib," but are useless if the patient is "asystole." Thus the first claim rests initially on whether there is evidence that the cardiac rhythm was "V-Fib" during a time that electric shocks could be applied. The deposition

testimony is not helpful to plaintiff. Those who were there contend that they did not observe what the cardiac rhythm was or could not interpret it, or could interpret it and at all times it was asystole. There is, however, a Cook County EMS Report Form that the cardiac rhythm was V-Fib at 2141 and became asystole at 2150. The issue therefore is whether that report form is admissible and whether the jury could rely upon it.

Defendants contend that it is not admissible. They argue that plaintiff, to sustain her burden, would have to produce an affidavit or deposition testimony that Gayton was "V-Fib." Here, they argue, the paramedic, later making out the report form, was not personally aware of any V-Fib cardiac rhythm. That reference came from a history sheet which may have been authored, at least in part, by defendant Officer Bruce Percak. Since defendants contend Percak had no recollection of knowing what the cardiac rhythm was, and both defendant Hoving and Keith Zyterman, an attending paramedic, recalled that the rhythm was asystole, the reference to "V-Fib" in the report is inadmissible hearsay.

We disagree. The report is, clearly, a medical record. The reference is reasonably pertinent to diagnosis or treatment. We do not know who made the reference, although it had to be someone involved in the treatment. The whole point of 803(4), Federal Rules of Evidence, is that information provided for diagnosis or treatment is likely to be trustworthy, even though we may not know the source, and, indeed subsequent treaters customarily rely upon that information. The information is not a patient's view of fault, not pertinent to diagnosis or treatment, but an observation by someone involved in the treatment. *See* Hughes v. Joliet Correctional Center, 031 F.2d 415 (7th Cir. 1991); Cook v. Hoppin, 783 F.2d 684 (7th Cir. 1986).

We are left with the impression that the indicated treatment, and the only treatment, of someone in ventricular fibrillation, is immediate defibrillation. We are also led to believe

that defendant Hoving was possibly aware that was so and had access to the necessary equipment. If so, the failure to treat could rise (or sink) to the level of deliberate indifference. That defeats the motion for summary judgment. Of course, it may be that Officer Hoving was not aware of that brief window when the rhythm was "V-Fib," or the report was in error, or that electrical shocking might not have resuscitated Gayton, but those concerns we leave to another day. Nor do we rule out that there may have been other defendants who, it can be argued, had knowledge of the cardiac rhythm indicated in the report, knowledge of the necessary treatment, and access to the equipment.

Finally, Officer Hill and Lt. Sylvester move for summary judgment on the claim that they were deliberately indifferent to Gayton's risk of suicide. We grant Lt. Sylvester's motion and deny Officer Hill's motion.

We are unaware of any evidence that indicates that Lt. Sylvester was aware that Gayton was a suicide risk – other than that he was intoxicated and belligerent, and that is not enough. But Officer Hill was a responding officer two months earlier when Gayton attempted suicide. He had no reason to feel kindly toward Gayton, who had just threatened him and kicked him in the groin. He had to be reminded to monitor Gayton and was late in doing so. He has testified that he did not then recall that Gayton was the subject of the earlier suicide attempt, and that may well be so. But a reasonable jury could infer otherwise. Suicide attempts are infrequent, and this one was only two months prior.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 23, 2006.